## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MARIA L. RIVERA**

      **Plaintiff**

                         **CASE NO.**

      **v.**

**U.S. SPECIALTY CARE, LLC**
**and WELLDYNERX, LLC,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MARIA L. RIVERA (hereinafter "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against Defendants U.S. SPECIALTY CARE, LLC (hereinafter "USSC"), and WELLDYNERX, LLC (hereinafter "WELLDYNE") (hereinafter collectively "Defendant") and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act ("FCRA"). Plaintiff is seeking damages including back pay, front pay,

compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiffs are entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1.    This is an action at law that raises a federal question under federal law.

2.    The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

3.    The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

4.    Additionally, the events giving rise to this action occurred within this District.

## PARTIES

5.    Plaintiff was an employee of Defendants from approximately January 6, 2020 until December 13, 2020.

6.    Plaintiff was employed by Defendants in Lakeland, Polk County, Florida.

7.    Defendant USSC,  is a Florida Limited Liability Company which operates one or more pharmacies, including the Lakeland, Florida location where

Plaintiff was employed.

8.      Defendant WELLDYNE, is a Florida Limited Liability Company operating pharmacy benefit management business(es), including the Lakeland, Florida location where Plaintiff was employed.

9.      Defendant USSC was an employer as defined by the laws under which this action is brought and employs more than 15 employees.

10.     Defendant WELLDYNE was an employer as defined by the laws under which this action is brought and employs more than 15 employees.

11.     Defendants USSC and WELLDYNE were joint employers of Plaintiff.

12.     Plaintiff was an "employee" as defined by the ADAAA.

13.     Defendant USSC is an "employer" as defined by the ADAAA.

14.     Defendant WELLDYNE is an "employer" as defined by the ADAAA.

15.     Plaintiff was an "employee" as defined by Title VII and the FCRA.

16.     Defendant USSC is an "employer" as defined by Title VII and the FCRA.

17.     Defendant WELLDYNE is an "employer" as defined by Title VII and the FCRA.

## ADAAA AND TITLE VII STATUTORY
## PREREQUISITES

18.     At all times material hereto, Plaintiff suffered from anxiety and heart disease, both disabling medical conditions under the ADAAA.

19.     Plaintiff was discriminated against based on her disabilities.

20.     Plaintiff is a member of a class of individuals protected by the ADAAA.

21.     The Defendants meet the statutory criteria for coverage as "employers" under the ADAAA.

22.     Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA.

23.     The Defendants meet the statutory criteria for coverage as "employers" under Title VII.

24.     Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII.

25.     At all times material to the allegations herein, Plaintiff was qualified for her Per Diem Bilingual Pharmacist position with Defendants.

26.     Plaintiff timely filed her Charge of Discrimination with the EEOC on or around December 23, 2020.

27.     The EEOC issued a Dismissal and Notice of Rights on October 21, 2021.

28.     Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving her  right-to-sue letter.

29.     Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

30.     Plaintiff has complied with all other Title VII and FCRA requirements and all prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

31.     Plaintiff began her employment with Defendants on or about January 6, 2020 as a Per Diem Bilingual Pharmacist.

32.     Plaintiff performed work for departments within both USSC and WELLDYNE.

33.      Plaintiff reported mainly to two supervisors, Marlette Oelofson from USSC (was replaced by Karla Simpson in May 2020) and Joe Fleischman from WELLDYNE.

34.     At all times material hereto, Plaintiff suffered debilitating symptoms from anxiety and heart disease, both disabling medical conditions under the ADAAA.

35.    During her employment, Plaintiff was praised for her productivity by her supervisors.

36.    On or around March 19, 2020, Defendant WELLDYNE's Mail Order Pharmacy Supervisor sent an email advising of seating changes for the mail order department due to the Covid-19 pandemic.

37.    In response, Plaintiff expressed her concern with sitting very close to peers, specifically two technicians who had been constantly coughing.

38.    Plaintiff suggested the same precautions be taken in the USSC side where she was located at that time.

39.    Defendants denied the requested accommodations.

40.    On April 2, 2020, Plaintiff requested to work from home due to her medical conditions.

41.    At the time of her request, Plaintiff was receiving ongoing medical treatment for both conditions.

42.    On April 7, 2020, Plaintiff's request to work from home was approved.

43.    On or around April 22, 2020, Plaintiff attended a conference call with her supervisors and two pharmacy tech leaders.

44.    Plaintiff received a satisfactory performance evaluation and received overall positive feedback regarding her work.

45.    The next day, Plaintiff received a call from USSC's Director of Specialty Operations, Michael Arnold, stating her USSC hours were being reduced and she would need to complete them on the WELLDYNE side, therefore, she would need to go back and forth between USSC and WELLDYNE.

46.    Mr. Arnold also indicated that while she was working on WELLDYNE tasks, if a Spanish prescription came in from USSC, she would still need to translate.

47.    On May 5, 2020, a full time Bilingual Pharmacist position opened with Defendants.

48.    On May 7, 2020, Plaintiff applied for the full time Bilingual Pharmacist position.

49.    A few weeks after, Plaintiff noticed her performance goals had been updated based on goals Plaintiff had self-allocated earlier in the year.

50.    None of Plaintiff's supervisors advised Plaintiff of any updated goals or expectations.

51.    In late July 2020, Plaintiff was interviewed for the full time Bilingual Pharmacist position for which she applied in April 2020.

52.    One of the interviews was conducted by Brian Laird, who was upper management for both USSC and WELLDYNE.

53.     During Plaintiff's interview with Mr. Laird, he continuously made references to Plaintiff work from home accommodations.

54.     Plaintiff was targeted and treated differently than similarly situated non-disabled employees.

55.     Mr. Laird also brought up Plaintiff's March 2019 email regarding seating accommodations due to the pandemic.

56.     Mr. Laird questioned what Plaintiff was doing at home and told her she was the only pharmacist working from home.

57.      When Mr. Laird stated pharmacists needed to be available for patients, Plaintiff explained all tasks performed throughout her working day including constant communications with patients and physicians.

58.     In August 2020, Plaintiff was advised by Human Resources a "more qualified" candidate, Haytza Berroteran, had been offered and accepted the full time Bilingual Pharmacist position.

59.     Upon Ms. Berroteran commencing her employment, it became clear she was not more qualified than Plaintiff for said position.

60.     Plaintiff holds a doctorate degree in Pharmacy, had over 30 years of management experience, and had accrued Specialty Pharmacy experience during her 8 months of employment with USSC.

61.     Upon information and belief, Ms. Berroteran held a bachelor's degree, had minimal management experience (she was a staff pharmacist for most her career), and had no Specialty Pharmacy experience.

62.     Plaintiff was denied the position based upon her disabilities and request for accommodation due to her disabilities.

63.     On December 13, 2020, Plaintiff was scheduled for a conference call with her new supervisor, Karla Simpson.

64.     Plaintiff believed the call was to finally discuss the performance goals from June 2020.

65.     During the call, Plaintiff's employment was terminated.

66.     Plaintiff had performed well throughout her employment with Defendant.

67.     Plaintiff had not received prior discipline based on behavior or performance.

68.     Defendant's reasons for terminating Plaintiff was false and a pretext for discrimination.

69.     Plaintiff was discriminated against and ultimately terminated due her disabilities and in retaliation for her request for reasonable accommodations in violation of the ADAAA, Title VII and the FCRA.

## COUNT I
## DISCRIMINATION UNDER THE ADAAA
### (As to USSC and WELLDYNE)

70.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-13; 17-21; 24-28; and 30-69, above as if fully set forth herein.

71.    Plaintiff suffers from  disabling medical conditions pursuant to the ADAAA.

72.    Plaintiff was discriminated against by the Defendant due to her disability in violation of Federal law.

73.    Defendants failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendants.

74.    Defendants denied Plaintiff reasonable accommodation as required by Federal law.

75.    Plaintiff is protected by the ADAAA:

a.    Plaintiff was disabled or a "perceived as disabled" employee whosuffered discrimination because of her disability or "perceived disability" by Defendants; and

b.    Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

76.    Defendants   were   at   all  material  times  an  "employer"  as envisioned and defined by the ADAAA.

77.    Plaintiff's medical conditions are protected disabilities under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

78.    Defendants' actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

79.    By reason of the foregoing, Defendants' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

80.    Alternatively, Defendants perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

81.    Pleading in the alternative, Plaintiff's impairment did not substantially limita major life activity but was treated by Defendants as if it did.

82.    Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendants' attitude toward theimpairment.

83.    Defendants do not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

84.    Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendants, during her employment. Therefore, she is members of protected classes asenvisioned by the ADAAA.

85.    Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for accommodation regarding same.

86.    The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

87.    The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

88.    The conduct of Defendants, their agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

89.    The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants to deter it, and others, from such conduct in the future.

90.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.        Back pay and benefits;

b.        Interest on back pay and benefits;

c.        Front pay and benefits;

d.        Compensatory damages for emotional pain and suffering;

e.        Injunctive relief;

f.        Prejudgment interest;

g.        Costs and attorney's fees; and

h.        Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE ADAAA
### (As to USSC and WELLDYNE)

91.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-13; 17-21; 24-28; and 30-69, above as if fully set forth herein.

92.    Plaintiff suffers from  disabling medical conditions pursuant to the ADAAA.

93.    Plaintiff was retaliated against by the Defendants due to her disabilities in violation of Federal law.

94.    Defendants failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendants.

95.    Defendants denied Plaintiff reasonable accommodation as required by Federal law.

96.   Defendants terminated Plaintiff because requested reasonable accommodation off due to her disability.

97.   Defendants terminated Plaintiff in violation of the ADAAA.

98.   Plaintiff is protected by the ADAAA:

a.   Plaintiff was disabled or a "perceived as disabled" employee whosuffered discrimination because of her disability or "perceived disability" by Defendants; and

b.   Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

99.   Defendants were at all material times an "employer" as envisioned and defined by the ADAAA.

100.   Plaintiff's medical conditions are protected disabilities under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

101.   Defendants' actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

102.   By reason of the foregoing, Defendants' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

103.   Alternatively, Defendants perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

104. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendants as if it did.

105. Pleading in the alternative, Plaintiff's medical conditions constituted an impairment that limited a major life activity only because of Defendants' attitude toward the impairment.

106. Defendants do not have a non-discriminatory rationale for terminating the Plaintiff.

107. Plaintiff was a disabled individual or otherwise perceived as disabled by Defendants, during their employment. Therefore, she is a member of protected classes as envisioned by the ADAAA.

108. The acts of Defendants, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

109. The retaliation to which Plaintiff was subjected was based on her disability and/or "perceived disability."

110. The conduct of Defendants, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

111.   The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants to deter it, and others, from such conduct in the future.

112.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

**COUNT III**
**DISABILITY DISCRIMINATION IN VIOLATION TITLE VII**
**(As to USSC and WELLDYNE)**

113.   Plaintiff realleges and adopts allegations contained in paragraphs 1-10; 14-16; 22-2; 29; and 30-69, as though fully stated herein.

114.   Plaintiff is a member of a protected class because she suffers from disabling medical conditions.

115.   At all material times, Plaintiff was qualified to perform her job duties.

116.   Plaintiff was treated less favorable than similarly situated non-disabled employees.

117.   Defendants discriminated against Plaintiff because of her disabilities.

118.   Plaintiff was also subjected to the adverse employment action of having her hours reduced and being terminated.

119.   The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against discrimination under Title VII because they treated Plaintiff less favorably because of her disabilities.

120.   Defendant does not have a legitimate, non-discriminatory reason for firing  Plaintiff.

121.   The conduct of Defendants and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

122.   The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter Defendants, and others, from such conduct in the future.

123.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Tile VII.

124.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relieffallowed by law including:

    a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

    c.  Front pay and benefits;

    d.  Compensatory damages for emotional pain and suffering;

    e.  Injunctive relief;

    f.  Prejudgment interest;

    g.  Costs and attorney's fees; and

    h.  Such other relief as the Court may deem just and proper.

**COUNT IV**
**RETALIATION IN VIOLATION TITLE VII**
**(As to USSC and WELLDYNE)**

125.   Plaintiff realleges and adopts allegations contained in paragraphs 1-10; 14-16; 22-2; 29; and 30-69, as though fully stated herein.

126.   Plaintiff is a member of a protected class because she suffers from disabling medical conditions.

127.   At all material times, Plaintiff was qualified to perform her job duties.

128.   Plaintiff was subjected to the adverse employment action of having her hours reduced and being terminated.

129.   Defendants retaliated against the Plaintiff for requesting reasonable accommodations due to her disabilities.

130.   The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against retaliation under Title VII because they treated Plaintiff less favorably because of her disabilities.

131.   Defendants do not have a legitimate, non-discriminatory reason for firing Plaintiff.

132.   The conduct of Defendants and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and

suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

133.   The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter Defendants, and others, from such conduct in the future.

134.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Tile VII.

135.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

      a.  Back pay and benefits;

      b.  Interest on back pay and benefits;

      c.  Front pay and benefits;

      d.  Compensatory damages for emotional pain and suffering;

      e.  Injunctive relief;

      f.  Prejudgment interest;

      g.  Costs and attorney's fees; and

      h.  Such other relief as the Court may deem just and proper.

## COUNT V
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA
### (As to USSC and WELLDYNE)

136.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-10; 14-16; 22-27; 29; and 30-69, above as if fully set forth herein.

137.   Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

138.   Plaintiff is a member of a protected class because she suffers from disabling medical conditions.

139.   At all material times, Plaintiff was qualified to perform her job duties.

140.   Plaintiff was treated less favorable than similarly situated non-disabled employees.

141.   Defendants discriminated against Plaintiff because of her disabilities.

142.   Plaintiff was also subjected to the adverse employment action of having her hours reduced and being terminated.

143.   The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against discrimination under the FCRA because they treated Plaintiff less favorably because of her disabilities.

144.   Defendant does not have a legitimate, non-discriminatory reason for firing Plaintiff.

145.   The conduct of Defendants and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

146.   The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter Defendants, and others, from such conduct in the future.

147.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

148.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

      a.   Back pay and benefits;

      b.   Interest on back pay and benefits;

      c.   Front pay and benefits;

   d.  Compensatory damages for emotional pain and suffering;

   e.  Injunctive relief;

   f.  Prejudgment interest;

   g.  Costs and attorney's fees; and

   h.  Such other relief as the Court may deem just and proper.

**COUNT VI**
**RETALIATION IN VIOLATION OF THE FCRA**
**(As to USSC and WELLDYNE)**

149.   Plaintiff realleges and adopts allegations contained in paragraphs 1-10; 14-16; 22-2; 29; and 30-69, as though fully stated herein.

150.  Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

151.   Plaintiff is a member of a protected class because she suffers from disabling medical conditions.

152.   At all material times, Plaintiff was qualified to perform her job duties.

153.   Plaintiff was subjected to the adverse employment action of having her hours reduced and being terminated.

154.  Defendants retaliated against the Plaintiff for requesting reasonable accommodations due to her disabilities.

155.  The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against retaliation under the FCRA

because they treated Plaintiff less favorably because of her disabilities.

156.   Defendants do not have a legitimate, non-discriminatory reason for firing Plaintiff.

157.   The conduct of Defendants and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

158.   The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter Defendants, and others, from such conduct in the future.

159.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

160.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits;

d.  Compensatory damages for emotional pain and suffering;

e.  Injunctive relief;

f.  Prejudgment interest;

g.  Costs and attorney's fees; and

h.  Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 28th day of December 2021.

> ***/s/ Anthony J. Hall***
> **ANTHONY J. HALL, ESQ.**
> Fla. Bar No. 40924
> **THE LEACH FIRM**
> 631 S. Orlando Ave., Ste. 300
> Winter Park, FL 32789
> Tel: 407-574-4999
> Fax: 321-594-7316
> Email: ahall@theleachfirm.com
> Email: npacheco@theleachfirm.com
> ***Counsel for Plaintiff***

25